UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
TRUSTEES OF THE NORTHEAST CARPENTERS    :
HEALTH, PENSION, ANNUITY, APPRENTICESHIP, :
AND LABOR MANAGEMENT COOPERATION    :     REPORT &
FUNDS,                              :     RECOMMENDATION
      Petitioners,       :     19-CV-3012 (ERK) (SMG)
                                    :
  -against-                     :
                                    :
EXCEL INSTALLATIONS, LLC,           :
                                    :
      Respondent.        :
----------------------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:

## INTRODUCTION

  Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds ("petitioners" and/or the "Funds"), bring this action under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to confirm and enforce an arbitration award against Excel Installations, LLC ("respondent"). Petition to Confirm Arbitration Award ("Petition") ¶ 1, Dkt. 1. Specifically, petitioners seek to confirm an arbitration award rendered pursuant to a collective bargaining agreement (the "CBA") between respondent and the New England Regional Council of Carpenters (the "Union"). *Id*. The arbitrator awarded petitioners a total of $89,539.19. *Id*. ¶ 24. Respondent has failed to appear or otherwise challenge the petition.

  United States District Judge Edward R. Korman has referred the petition to me for a report and recommendation. For the reasons stated below, I respectfully recommend that petitioners' arbitration award be confirmed in all respects. I further recommend that petitioners be awarded interest on the amount awarded at the rate of 9% per annum from the date of the

award until the date a final judgment is entered.  Finally, I recommend that petitioners be awarded $1,454.95 in attorneys' fees and costs incurred in bringing this action.

## FACTS

Respondent entered into a CBA with the Union in July 2011.  Southeast Region Agreement ("CBA") at 1, Dkt. 1-2.  The CBA continues to bind the parties inasmuch as neither one has notified the other of an intent to modify it.  *Id.* Art. 33; Petition ¶¶ 9–10.  Under the CBA, respondent is obligated "to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union" and to "comply with the agreements…plans and/or regulations" of the Funds, including the Funds' policy for the collection of delinquent contributions.  *Id.* ¶¶ 11, 13–14; CBA Art. 16(a); Employer Contribution Audit and Collection Policy ("Collection Policy"), Dkt. 1-3.

The present dispute arose when, from December 2018 through February 2019, respondent failed to submit reports "such that the Funds [could] not determine the amount owed by the employer for a given month."  Petition ¶¶ 15, 18; Mem. of Law in Supp. of Petition to Confirm Arbitration Award ("Mem.") at 3–4, Dkt. 4.  In such instances, the Collection Policy permits the Funds to treat respondent's failure to report as "presumptive evidence of delinquency."  Collection Policy Art. 3.2.  Petitioners responded by initiating arbitration to recover delinquent contributions in accordance with the procedures set out in the parties' agreements.  Notice of Intent to Arbitrate ("Notice"), Dkt. 1-4; CBA Art. 5(b); Collection Policy Art 2.3(A).

Following a hearing on March 27, 2019, the arbitrator concluded that respondent was "delinquent in payment of fringe benefit contributions to the Funds, in violation of its obligation under the Agreement for the payroll periods of December 1, 2018 through February 28, 2019."

Collection Award and Order (the "Award") at 2, Dkt. 1-5. The arbitrator went on to award a total of $89,539.19, comprised of a principal deficiency of $77,038.20, interest in the amount of $579.23, liquidated damages of $10,271.76, attorneys' fees in the amount of $900 plus an additional 10% interest per annum for attorneys' fees not paid within thirty days from the date of the award, and the arbitrator's fee of $750. Award ¶¶ 1–3.

Respondent did not appear at the arbitration hearing, Award at 1, and has not paid any part of the arbitrator's award, Petition ¶ 25. Nor did respondent make any application to vacate or modify the award. *Id.* ¶ 26. Despite apparently having been properly served, Dkt. 8, respondent has failed to appear in or otherwise defend this action. Petitioners now ask the Court to deem their petition an unopposed motion for summary judgment, Dkt. 9, and to confirm the arbitration award and grant their request for attorneys' fees and costs. Petition at 7.

## DISCUSSION

### I.    Appropriateness of Summary Judgment

A petition to confirm an arbitration award is "akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Even when unopposed, treating a petition to confirm or vacate an arbitration award as a motion for entry of a default judgment is "generally inappropriate," because the petition is "generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference." *Id.*

However, where, as here, respondent fails to appear in *both* the arbitration and the subsequent confirmation proceeding, the distinction becomes "somewhat academic." *Laundry, Dry Cleaning Workers & Allied Indus. Health Fund, Unite Here v. Jung Sun Laundry Grp. Corp.*, 2009 WL 704723, at *3 (E.D.N.Y. Mar. 16, 2009). In such cases, regardless of whether

the court treats the unopposed petition as a motion for default judgment or unopposed motion for summary judgment, the record lacks any meaningful challenge to petitioners' claims.  Under these circumstances, courts in this district have sometimes reviewed unopposed petitions to confirm arbitration awards as motions for default judgments.  *Local 363, United Elec. Workers of Am., Int'l Union of Journeymen & Allied Trades v. Laser Lite Elec., Inc.*, 2017 WL 9939041, at *3 (E.D.N.Y. Nov. 9, 2017)*, supplemented by* 2018 WL 3635044 (E.D.N.Y. Apr. 2, 2018) (collecting cases).

Here, petitioners ask the Court to deem their petition an unopposed motion for summary judgment.  Dkt. 9.  Their request is consistent with Second Circuit precedent.  *See Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship v. Espinosa Grp., Inc.*, 2019 WL 632280, at *1–*2 (E.D.N.Y. Feb. 14, 2019).  Accordingly, I review the petition to confirm the arbitration award as an unopposed motion for summary judgment.  I note, however, that the same result would obtain in this case regardless of whether the petition is viewed as a motion for entry of a default judgment or one for summary judgment.

## II. Confirming the Arbitration Award

### A. Legal Standards

"In the context of a petition to confirm an arbitration award, the [moving party's] burden is not an onerous one." *Finkel v. Pomalee Elec. Co.*, 2018 WL 1320689, at *5 (E.D.N.Y. Feb. 22, 2018), *report and recommendation adopted*, 2018 WL 1318997 (E.D.N.Y. Mar. 14, 2018) (citation omitted).  Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).  "[I]mprovident, even silly, factfinding does not provide a basis for a reviewing court to refuse to enforce the

[arbitrator's] award." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (internal quotation marks and citation omitted).  Rather, the award must be confirmed if there is "a barely colorable justification for the outcome reached." *D.H. Blair*, 462 F.3d at 110 (citation omitted).  Specifically "under the LMRA[,] an arbitration award should be upheld as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension, & Welfare Funds v. HVH Enter. Corp.*, 2014 WL 923350, at *4 (E.D.N.Y. Mar. 10, 2014) (internal quotation marks and citation omitted); *see also United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987) (noting that federal labor statutes reflect a "decided preference for private settlement of labor disputes" through arbitration as opposed to more extensive court intervention).

 B. The Arbitration Award

  Here, the arbitration award clearly "draws its essence" from the CBA and Collection Policy.  The CBA requires respondent to "make fringe benefit contributions to those fringe benefit funds designated by the Union, in the amounts set forth in th[e] Agreement."  CBA Art. 16(a).  To ensure that obligation is met, the Collection Policy directs respondent to submit "reports of work for which contributions to the Funds are required."  Collection Policy Art. 3.2.  Failure to do so is "presumptive evidence of delinquency," *id.*, in which case respondent is liable for those contributions, liquidated damages, interest accruing from the due date, attorneys' fees, and costs, including the arbitrator's fee and filing fees.  CBA Art. 16(b); Collection Policy Art. 2.1(D), 6.1, 6.2, 6.3.  Thus, upon finding that respondent was "delinquent in the payment of fringe benefit contributions to the Funds…for the payroll period of December 1, 2018 through

5

February 28, 2019," the arbitrator was justified in awarding delinquent contributions, interest, liquidated damages, fees, and costs.  Award at 2.

As to the arbitrator's calculations, "[t]hat the Court does not have all the documentation on which the Arbitrator relied does not preclude confirmation of the award."  *Trs. of the Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Labor-Mgmt. Cooperation Funds v. Countrywide Home Improvement, Inc.*, 2017 WL 5690922, at *2 (E.D.N.Y. Nov. 27, 2017).  This is especially so when "nothing in the record suggests that the arbitrator's award was procured through fraud or dishonesty or that any other basis for overturning the award exists."  *Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Labor Mgmt. Cooperation Funds v. W.B.E. Walls & Ceilings, Inc.*, 2019 WL 2079825, at *3 (E.D.N.Y. May 10, 2019) (internal quotation marks and citation omitted).  Here, moreover, petitioners submitted an estimate of the amounts owed per month as an attachment to their notice of intent to arbitrate, and that estimate appears to support the arbitrator's principal calculation.[1]  The estimate indicates that respondent owed $25,679.40 before interest and liquidated damages for each month of under-reported hours.  Thus, the arbitrator's principal award of $77,038.20 for three months of delinquency—December 2018 through the end of February 2019—adds up.  Award ¶ 1.

However, when petitioners' estimates of liquidated damages and interest are compared to the amount awarded by the arbitrator, it appears that the arbitrator likely awarded liquidated damages and interest for December 2018 and January 2019 but not February 2019.  It is not clear whether this was intentional or whether the arbitrator mistakenly applied the interest and liquidated damages calculations from the petitioners' estimate, which calculates totals only for

---

[1] These calculations are included at the end of petitioners' notice of intent to arbitrate.  Dkt. 1-4.  Although estimates are made only for December of 2018 and January of 2019, adding a like amount of contributions due for Feburary of 2019 results in a total equal to the amount awarded by the arbitrator.

6

two of the three months of delinquency. *See* Notice at 2. In any event, petitioners seek only to confirm the arbitrator's award and not to modify it; moreover, were petitioners' motion considered a motion for default judgment, any effort to enhance the arbitrator's award would be thwarted by Fed. R. Civ. P. 54(c), which prevents an award that "differ[s] in kind from, or exceed[s] in amount, what is demanded in the pleadings." *See Trs. of Local 7 Tile Indus. Welfare Fund v. Larsen Marble & Tile, LLC*, 2018 WL 6363923, at *8, n. 3 (E.D.N.Y. Nov. 19, 2018), *report and recommendation adopted as modified*, 2018 WL 6344188 (E.D.N.Y. Dec. 5, 2018).[2] I therefore respectfully recommend that the arbitration award be confirmed and that a judgment of $89,539.19 be entered in petitioners' favor.[3]

C. *Pre-Judgment Interest*

In addition to the sum awarded at arbitration, petitioners request "interest from the date of the Award through the date of judgment." Petition at 7. "Whether to award prejudgment interest

---

[2] Though unopposed petitions to confirm arbitration awards are treated as motions for summary judgment, the rationale of Rule 54(c) applies. "[T]he defending party should be able to decide *on the basis of the relief requested in the original pleading* whether to expend the time, effort, and money necessary to defend the action." *Silge v. Merz*, 510 F.3d 157, 159 (2d Cir. 2007) (emphasis added) (quoting 10 Charles Alan Wright, Arthur Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 2663 (1998)); *see also Korean Trade Ins. Corp. v. Eat It Corp.*, 2015 WL 1247053, at *5 (E.D.N.Y. Mar. 16, 2015) (applying Rule 54(c) default judgment rule to an unopposed petition to confirm an arbitration award). While courts may correct miscalculations that are "clear from the face of the award," *O'Leary v. Classie Tuxedo, Ltd.*, 2015 WL 5562345, at *14 (E.D.N.Y. Aug. 14, 2015), *report and recommendation adopted*, 2015 WL 5562348 (E.D.N.Y. Sept. 18, 2015), this is not such a case. Omitting an entire month of liquidated damages and interest is too significant to be "clearly" a miscalculation or mistake. *See Al-Azhari v. Merit Capital Assocs., Inc.*, 2000 WL 151914, at *2 (S.D.N.Y. Feb. 14, 2000) (holding that "evident material miscalculation of the figures" was not present when arbitrators "merely rendered a lump sum award" and there was "no colorable claim of manifest disregard or other improper influence"). This case is also distinguishable from those where the arbitrator, presumably inadvertently, awards more than the CBA permits. *See Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor Mgmt. Co-op., Pension, & Welfare Funds v. Flooring Experts, Inc.*, 2013 WL 4042357, at *7 (E.D.N.Y. Aug. 8, 2013) (reducing arbitrator's liquidated damages awards since it was $808.92 more than 20% of the delinquent contributions), *report and recommendation adopted*, 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013); *N.Y.C. Dist. Council of Carpenters Pension Fund v. Brookside Contracting Co., Inc.*, 2007 WL 3407065, at *2 (S.D.N.Y. Nov. 14, 2007) (reducing award of arbitration fees by half in accordance with clear provision in the CBA).

[3] In addition to the total amount of $89,539.19, the arbitrator awarded petitioners interest at a rate of 10% per annum for attorneys' fees not paid within thirty days from the date of the award. However, because in the next section I recommend an award of pre-judgment interest at a rate of 9% per annum on the total arbitration award including attorneys' fees, I do not separately confirm this aspect of the award.

7

in an action to confirm an arbitration award is in the discretion of the trial court, but there is a presumption in favor of prejudgment interest." *W.B.E. Walls & Ceilings*, 2019 WL 2079825, at *3 (internal quotation marks omitted) (citing *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, 2012 WL 2958265, at *4 (S.D.N.Y. July 20, 2012)). That presumption generally prevails when the CBA provides that arbitration awards shall be "final and binding." *See e.g. Bldg. Material Teamsters Local 282 v. A Star Bus. Servs. of N.Y. Corp.*, 2012 WL 3568262, at *6 (E.D.N.Y. May 30, 2012), *report and recommendation adopted*, 2012 WL 3230481 (E.D.N.Y. Aug. 6, 2012). Here, the CBA provides that "[t]he decision of the Arbitrator shall be final and binding on all parties concerned," making an award of pre-judgment interest appropriate. CBA Art. 4(4).

Though the "LMRA is silent with respect to a pre-judgment interest rate[,]…the common practice among courts within this Circuit is to grant interest at a rate of 9% per annum under New York State law." *Bldg. Material Teamsters*, 2012 WL 3568262, at *6 (internal quotation marks and citations omitted); *see also W.B.E. Walls & Ceilings*, 2019 WL 2079825, at *3. Accordingly, the Court respectfully recommends awarding interest to petitioners at a rate of 9% per year, or 0.75% per month, from the date of the arbitration award through the date final judgment is entered.

### III. Attorneys' Fees and Costs

#### A. Attorneys' Fees

Finally, petitioners request attorneys' fees and costs incurred in the present action. Under ERISA, parties are entitled to reasonable attorneys' fees and costs in actions initiated to recover delinquent contributions pursuant to a collective bargaining agreement. 29 U.S.C. § 1132(g)(2)(D). Although that entitlement does not necessarily extend to petitions to confirm

arbitration awards, courts tend to award fees when respondents "refuse[] to abide by an arbitrator's decision without justification." *Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Labor Mgmt. Cooperation Funds v. CEI Contractors, Inc.*, 2019 WL 117603, at *4 (E.D.N.Y. Jan. 7, 2019); *see also Local 807 Labor-Mgmt. Health & Pension Funds v. Showtime on the Piers, LLC*, 2019 WL 440641, at *4 (E.D.N.Y. Jan. 14, 2019), *report and recommendation adopted*, 2019 WL 438476 (E.D.N.Y. Feb. 4, 2019). In addition, petitioners' Collection Policy provides that "[a]ttorneys' fees shall be due to the Fund from a delinquent employer at the hourly rate charged to the Fund for *all* time spent by Counsel in collection efforts pursuant to Article III [Legal Action and Settlement]." Collection Policy Art. 6.2 (emphasis added). Thus, petitioners are entitled to recover the attorneys' fees they incurred in bringing this action. The only remaining issue is whether the requested fees are reasonable.[4]

Attorneys' fees are determined by "multiplying a reasonable hourly rate by the number of reasonably expended hours. The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011) (internal quotation marks omitted). The Second Circuit's forum rule also "generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Id.* at 290 (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)).

"Courts in the Eastern District of New York have approved hourly rates ranging from $200 to $400 per hour for partners, $200 to $300 per hour for senior associates, $100 to $200 per

---

[4] Literally construed, the passage from the Collection Policy quoted in the text arguably entitles petitioners to attorneys' fees at the hourly rate charged by counsel to the Fund regardless of the reasonableness of that rate. Petitioners, though, seek only "reasonable attorneys' fees and costs." Petition ¶ 28.

9

hour for more junior associates, and $85 to $100 per hour for paralegals." *N.Y.C. Dist. Council of Carpenters v. Trs. of N.Y.C. Dist. Council of Carpenters Welfare Fund*, 2018 WL 3768586, at \*3–\*4 (E.D.N.Y. July 23, 2018), *report and recommendation adopted sub nom. Trs. of N.Y.C. Dist. Council of Carpenters Welfare Fund v. Best Made Floors, Inc.*, 2018 WL 3785331 (E.D.N.Y. Aug. 8, 2018) (awarding an hourly rate of $300 to a partner with over twenty years of experience; an hourly rate of $200 to "of counsel" with less than five years of experience; and, an hourly rate of $90 to legal assistants); *see also CEI Contractors*, 2019 WL 117603, at \*6 (reducing the hourly rate from $225 to $200 for an associate who graduated four years earlier who "had handled the prosecution of numerous ERISA collection actions"); *Trs. of Local 7 Tile*, 2018 WL 6363923, at \*6 (reducing the hourly rate for an associate who graduated four years earlier from $265 to $200 and reducing the hourly rate for legal assistants from $115 to $90).

Here, petitioners seek a total of $1,285 for 5.9 hours of work completed by the law firm Virginia & Ambinder, LLP ("V&A") in connection with the petition to confirm the arbitration award. Petition ¶ 34. Specifically, one partner, Nicole Marimon, billed 0.6 hours at $300 per hour, an associate, Kelly Malloy, billed 4.6 hours at $225 per hour, and a paralegal with the initials "TG" billed 0.7 hours at $100 per hour. Invoice Submitted to Ms. Kim Topuri ("Invoice"), Dkt. 1-7. Ms. Marimon has only five years of experience since graduating law school, while Ms. Malloy has only one. Petition ¶¶ 30–31. Nevertheless, Ms. Marimon's rate seems reasonable given her position as partner and as the most senior attorney on the case. Ms. Malloy's rate is, however, high for a first-year associate. *See Trs. of Local 813 Pension Tr. Fund v. Highbuilt Contracting Corp.*, 2015 WL 1529677, at \*8 (E.D.N.Y. Mar. 31, 2015) (reducing a second-year associate's fee from $200 to $175). I therefore respectfully recommend reducing

10

Ms. Malloy's rate to $175 per hour. I further recommend reducing the paralegal's rate from $100 per hour to $90 per hour in light of the cases cited above.

Once it determines appropriate hourly rates, the court reviews "the reasonableness of the hours billed," ensuring that the amount of time billed is not "excessive, redundant or otherwise unnecessary." *Trs. of Local 7 Tile*, 2018 WL 6363923, at *7 (quoting *Bourgal v. Atlas Transit Mix,* 1996 WL 75290, at *7 (E.D.N.Y. Feb. 7, 1996)). After reviewing petitioners' invoice, submitted in accordance with *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), I find the 5.9 hours billed to be reasonable. Applying the reduced rates enumerated above to the hours billed results in fees totaling $1,048, which I respectfully recommend be awarded.

*B. Costs*

Petitioners also seek reimbursement for costs in the present action. Specifically, they seek $475 for court filing and service fees. Petition ¶ 35. "[C]ourts routinely make awards for costs pursuant to ERISA in confirmation proceedings." *Local 363,* 2017 WL 9939041, at *6 (quoting *Abondolo v. Jerry WWHS Co., Inc.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011)); *see also* Fed. R. Civ. Pro. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Even parties entitled to costs, however, must "adequately document and itemize the costs requested." *Local 363,* 2017 WL 9939041, at *6 (citation and internal brackets omitted). Here, petitioners are clearly entitled to costs but have not submitted documentation for the full amount requested. Though the $400 filing fee is verified by the docket, petitioners' invoice identifies only $6.95 for postage and no other costs. I therefore respectfully recommend awarding $406.95 in costs as opposed to the $475 requested.

11

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Court confirm the arbitration award and enter judgment against respondent Excel Installations in the amount of $89,539.19, with interest at the rate of 9% per annum accruing from the date of the arbitration award through the date a final judgment is entered. I recommend, in addition, that the Court award petitioners $1,454.95 in attorneys' fees and costs incurred in bringing this petition to confirm the arbitration award.

Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before December 27, 2019. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Counsel for petitioners shall serve a copy of this Report and Recommendation on respondent by letter and promptly file proof of service with the Court.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
December 13, 2019

*U:\#ECC 2019-2020\19-cv-3012 Excel Installations\19-cv-3012 Trustees v. Excel Installations R&R FINAL.docx*